BRIGGS HARDWARE COMPANY

*vs.*

AROOSTOOK VALLEY RAILROAD COMPANY.

Aroostook.    Opinion July 17, 1918.

*Common carriers.  Interstate commerce.  Initial carriers.  Warehouseman Liability of Warehouseman.  Rule as to liability of initial carrier for the acts of the warehouseman.  Rule as to when a common carrier becomes a warehouseman.  Burden of proving negligence of warehouseman.*

Where the interstate bill of lading of the form approved by the Interstate Commerce Commission, provides, among other conditions, "that property not removed by the party entitled to receive it within forty-eight hours (exclusive of legal holidays) after notice of its arrival has been duly sent or given may be kept in car, depot, or place of delivery of the carrier, or warehouse, subject to a reasonable charge for storage and to carrier's responsibility as warehouseman only" . . . . and the property transported remains in the car at its destination nine days after notice given of its arrival and is then destroyed by fire, the liability of the terminal carrier is that of warehouseman, and the initial carrier is liable for the damages negligently arising therefrom, under the provisions of the Federal Act of 1906 to amend "the act to regulate commerce."

The care required of a warehouseman of the property in his charge is ordinary care.  He is liable only for neglect.

The plaintiff asserting the negligence of the warehouseman has the burden of establishing it.  This burden does not shift.  As it is the duty of the warehouse-

man to deliver upon proper demand, his failure to do so, without excuse, has been regarded as making a prima facie case of negligence.  If, however, it appears that the loss is due to fire that fact in itself, in the absence of circumstances permitting the inference of lack of reasonable precautions, does not suffice to show neglect, and the plaintiff having the affirmative of the issue must go forward with the evidence.

Where the only evidence as to the cause and circumstances of the fire destroying property in the hands of a warehouseman is a statement agreed upon by the parties to the effect that the contents of a car "were damaged by fire originating either from defective heating apparatus or from a stove placed in the car without the knowledge of the terminal carrier," the cause was thus stated disjunctively, or in the alternative, and such statement excludes the operation of both as the cause.  In such a case neither the statement agreed upon nor the inferences to be drawn therefrom are sufficient to justify the conclusion that the plaintiff has sustained the burden of proof imposed upon him to show neglect on the part of the warehouseman.

Action on the case for alleged negligence on part of defendant's carrier or its connecting carriers.  Case was reported to Law Court upon agreed statement of facts.  Judgment in accordance with opinion.

Case stated in opinion.

*Cyrus F. Small,* for plaintiff.

*Powers & Guild,* for defendant.

SITTING:  SPEAR, BIRD, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

BIRD, J.  This case is before us upon the following agreed statement of facts:

"On Jan. 24, 1916, the plaintiff delivered to the defendant, which is a common carrier engaged in interstate commerce, a carload of potatoes loaded in an Eastman Heater Car, upon receipt of which the defendant issued a bill of lading, a copy of which is hereto annexed.

"The car was transported to its destination by the defendant and connecting carriers, arriving at Atlantic Terminal, Brooklyn, Feb. 2, 1916.

"The Terminal Carrier gave notice of the arrival of the car to E. Waterman & Co., the notify party named in the bill of lading, on Feb. 4, 1916, and the car was placed for delivery on Feb. 5, 1916. "The car remained on the track of the Terminal Carrier until the night of Feb. 14, when its contents were damaged by fire originating

either from defective heating apparatus or from a stove placed in the car without the knowledge of the Terminal Carrier. The contents of the car were damaged to the amount of $487.31.

"It is agreed that a reasonable time for unloading the car had elapsed after notice of arrival was given and before the occurrence of the fire.

"It is agreed that the plaintiff made claim against the defendant for its loss within the four month period provided for in the bill of lading.

"Immediately upon receipt of the bill of lading, the plaintiff drew a draft upon the notify party for the purchase price of the car of potatoes, attached the bill of lading, properly endorsed thereto, and forwarded the draft through its bank for collection. At the time of the fire the draft and bill of lading were in the possession of the collecting bank of New York City and had not been surrendered to the carrier.

"The parties agree that if the defendant is liable upon the above facts, judgment is to be rendered for the plaintiff for the amount of damages specified, with interest from the date of the writ. If the defendant is not liable upon these facts, judgment is to be . . . rendered for the defendant."

The bill of lading referred is of the standard form approved by the Interstate Commerce Commission. Section 5 thereof is as follows: "Property not removed by the party entitled to receive it within forty-eight hours (exclusive of legal holidays) after notice of its arrival has been duly sent or given may be kept in car, depot, or place of delivery of the carrier, or warehouse, subject to a reasonable charge for storage and to carrier's responsibility as warehouseman only, or may be, at the option of the carrier, removed to and stored in a public or licensed warehouse at the cost of the owner and there held at the owner's risk and without liability on the part of the carrier, and subject to a lien for all freight and other lawful charges, including a reasonable charge for storage."

The action is an action on the case for negligence whereby the car "containing said potatoes—caught fire and completely destroyed said potatoes"—

By the Act (1906) to amend the Act to Regulate Commerce, transportation is defined as including among other things "all services in connection with the receipt, delivery, elevation, and transfer in transit, ventilation, refrigeration or icing, storage, and handling of

property transported." 34 Stats. at Large, Chap. 3591, Sec. 1. By a later section of the amendatory act, it is provided "That any common carrier, railroad or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed. . . ."

We think in view of Section 5 of the conditions of the bill of lading there can be no question upon the facts of this case, that defendant, as the *initial* carrier, is liable to plaintiff for all damages caused by the terminal carrier in the "transportation" of the potatoes, if any, and that the liability, if any, for the acts done by the latter must arise from his acts as warehouseman and not as carrier. Discussion is unnecessary, however, as we regard *Southern Railway* v. *Prescott,* 240 U. S., 632, 637, 640, as decisive of the question.

The care required of a warehouseman over the property in his charge is ordinary care. He is liable only for negligence. In *Southern Railway Co.,* supra, it is said: "The plaintiff asserting neglect had the burden of establishing it. This burden did not shift. As it is the duty of the warehouseman to deliver upon proper demand, his failure to do so without excuse, has been regarded as making a prima facie case of negligence. If, however, it appears that the loss is due to fire, that fact in itself, in the absence of circumstances permitting the inference of lack of reasonable precautions, does not suffice to show neglect, and the plaintiff having the affirmative of the issue must go forward with the evidence."

This case presents no evidence as to the cause and circumstances of the fire or the precautions taken by the terminal carrier, as warehouseman except the statement agreed upon by the parties to the effect that the contents of the car "were damaged by fire originating either from defective heating apparatus or from a stove placed in the car without the knowledge of the terminal carrier." The cause is thus stated disjunctively, or in the alternative, and such statement excludes the operation of both as the cause. *Austin* v. *Oakes,* 48 Hun., 492, 498.

The court has, in the absence of other evidence or other statement, no means of determining whether the defective heater or the stove was the cause of the fire and, as that which would constitute lack of ordinary care in the one case would not necessarily be lack of ordinary care in the other, it is difficult to see how the court can find negligence or lack of ordinary care on the part of the terminal carrier as warehouseman. In regard to the alleged defective heater, there is no evidence as to the nature of the defect, the period of its existence, the care actually exercised by defendant, or the time when the fire developed after the last visit of defendant's employees to the car. Nor does the agreed statement show when the stove was placed in the car "without the knowledge of the terminal carrier," nor whether or not the circumstances were such as to warrant the inference that the warehouseman did not exercise ordinary care in preventing its introduction into the car or in ascertaining its presence there. We conclude that neither the statements agreed upon nor the inferences to be drawn therefrom are sufficient to justify the conclusion that plaintiff has sustained the burden of proof imposed upon him. *De Grau* v. *Wilson,* 17 Fed., 698, 701; *Southern Railway Co.* v. *Prescott,* 240 U. S., 632, 641.

> *Judgment must be entered for defendant.*
> *So ordered.*